OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
On October 24, 1986, 11-year-old Derrick C. admitted that *125 he had committed an act which, if done by an adult, would constitute the crime of criminal trespass in the third degree, a class B misdemeanor, in violation of section 140.10 of the Penal Law. This is the first and only juvenile delinquency petition ever filed against Derrick, a child whose young life has been scarred by unrelenting heartache.
In aid of disposition, the court ordered a complete diagnostic assessment from Pleasantville Diagnostic Center (PDC), a well-respected facility operated by the Jewish Child Care Association. In addition, the Department of Probation was directed to conduct an investigation and submit a report to the court.
Both the Department of Probation and PDC agree that Derrick is in need of placement at a residential treatment center. The child and his mother are most willing to cooperate.
The issue presented to the court arises out of a motion by the Law Guardian to substitute a finding that Derrick is a person in need of supervision (PINS) for a finding of delinquency and effect the child’s placement accordingly.
Section 311.4 of the Family Court Act authorizes substitution of petitions or findings under certain terms and circumstances. Prior to fact finding, a PINS petition may be substituted for a delinquency petition only with the consent of the presentment agency. (Family Ct Act § 311.4 [1].)
At the conclusion of the dispositional hearing, however, a PINS finding may be substituted by the court "in its discretion” without the consent of the presentment agency. (Family Ct Act § 311.4 [2].)
Section 311.4 of the Family Court Act recognizes two basic tenets. The first is that ordinarily the presentment agency’s discretion to determine the nature of the petition to be filed against a respondent should not be infringed upon by a judicial substitution of petitions without its consent. The second is that once the charges are proven, and a dispositional hearing held, the court is vested with wide discretion in implementing an appropriate disposition.
The Family Court Act authorizes a wide variety of potential dispositions for a juvenile respondent under article 3. Several are contained in Family Court Act § 352.2 and range from conditionally discharging the respondent to placing him restrictively.
Furthermore, even where charges have been proven, the *126 court may, in an appropriate case, dismiss the petition. Such action may follow a determination that the respondent does not require supervision, treatment or confinement. (Family Ct Act § 352.1 [2].) Dismissal may also follow upon the successful implementation of an adjournment in contemplation of dismissal (ACD) (Family Ct Act §§ 315.3, 352.1 [1]).
The statutory authorization for substitution of petitions after a dispositional hearing must be viewed as yet another alternative available to the court. Thus, the court may, in an appropriate case, treat a respondent as a PINS where such designation more accurately reflects his status and where the right of the community to protection would not be compromised thereby.
Such is clearly the case with 11-year-old Derrick C. The evidence available to the court at disposition reveals beyond all doubt that Derrick has been subjected to a systematic hell during his young life. Time and time again he witnessed his mother being brutally beaten by his father, a hopeless alcoholic. Derrick and his family were forced to move on numerous occasions to and from rat-infested apartments in an effort to escape his father’s fury. The boy’s mother herself admits to neglecting Derrick as a child, abusing alcohol, and leaving him to cry alone in his crib with dirty diapers. The psychosocial done at PDC confirms that "As a very young child Derrick was physically and emotionally neglected by his depressed, battered mother”. The psychological evaluation verifies that Derrick "has been chronically exposed to severe domestic violence and instability.”
As a result of this pervasive neglect, the boy became truant, and "habitually disobedient and beyond the lawful control of [his] parent”, classic PINS elements (Family Ct Act § 712 [a]).
Several efforts to involve the boy in counseling were abortive because of the numerous moves the family was forced to make.
Despite persistent deprivation, this is the first juvenile delinquency petition ever filed against the boy. While at PDC for six months he presented himself in a "warm, charming manner” being seen as "very verbal, articulate, [and] clearly intelligent.”
During his evaluative stay at PDC, the boy showed steady, marked improvement, responding most favorably to the concern and structure of the facility.
*127 Derrick impressed the Department of Probation as "amiable and well-mannered”. And, on the several occasions in which he appeared before the court, he related in a warm, sensitive, appropriate, appealing manner.
Both the Department of Probation and PDC recommend that Derrick be placed in a long-term residential treatment program. The boy and his mother are in accord and in fact, he has been accepted at such a facility, Pleasantville Cottage School (PCS).
Based on all of the facts in this case, the court feels very strongly that Derrick should be spared the stigma of a juvenile delinquent finding. While he certainly needs and will receive supervision and treatment, this can be provided adequately for him under a PINS placement.
Derrick has been completely cooperative during what has been a long evaluative process. He spent 6 months at PDC and will spend at least 12 months more at PCS. The court is satisfied that the interests of the community will, in no way, be impaired by this decision to substitute a PINS finding in this case.
In opposing the substitution motion, the Corporation Counsel points out that Derrick pleaded to an act which, if done by an adult, would constitute the class B misdemeanor of criminal trespass in the third degree and that such an act is not PINS behavior. But that argument ignores the fact that the substitution is being sought at disposition and not prior to fact finding on the underlying petition. At the dispositional hearing, a full range of material is available to the court to place into focus the most accurate status of the respondent. That material, including an extremely comprehensive diagnostic evaluation and a complete probation report, clearly support a finding that Derrick is, in fact, most appropriately treated as a PINS. While the nature of the act charged may be the main, if not sole determinant for a pre-fact-finding substitution under section 311.4 (1), it becomes only one of several factors to be considered at disposition under section 311.4 (2).
For all of the foregoing reasons, the motion by the Law Guardian is granted and a PINS finding is substituted.
Derrick is placed with the Commissioner of Social Services *128 for PCS for a period of 12 months as of September 2, 1987, pursuant to section 756 of the Family Court Act.*
The clerk is directed to strike the ”D” prefix from the petition and substitute an "S” prefix.

 Derrick was placed on September 2, 1987. Both Corporation Counsel and the Law Guardian agreed that oral argument on the motion to substitute would be deferred to September 11,1987.